Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jared A. Jacobson, Esq.
NJ Attorney ID: 022002005
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*                                    Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GEORGE GOODRITZ** | : | No. |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **CENTRAL BOARDWALK PARKING, LLC,** | : | |
| | : | **COMPLAINT** |
| | : | |
| Defendant | : | |

## PRELIMINARY STATEMENT

George Goodritz (the "Plaintiff"), by and through his counsel, brings this lawsuit against Central Boardwalk Parking, LLC, seeking all available relief under the Americans with Disabilities Act and the New Jersey Law Against Discrimination for the failure to comply with the both Acts' accessibility requirements. Plaintiff is seeking injunctive relief requiring the Defendant to remove the accessibility barriers which exist at its parking facility. The allegations contained herein are based on personal experience of the Plaintiff.

## I. JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction to entertain the State law causes of action under 28 U.S.C. § 1367(a).

## II. VENUE

4. All actions complained of herein took place within the jurisdiction of the United States District Court for the District of New Jersey.

5. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III. PARTIES

6. Plaintiff is a 69 year-old adult male who currently resides in Montgomery County, in the Commonwealth of Pennsylvania.

7. Plaintiff is a disabled individual.

8. Central Boardwalk Parking, LLC ("Defendant") is a limited liability company registered with the New Jersey Division of Revenue and Enterprise Services under entity identification number 0450121288.

9. Defendant is headquartered at 10 Wentworth Park, Farmington, Connecticut 06032.

## IV. STATEMENT OF FACTS

*The Defendant's Parking Facility*

10. Defendant owns adjoining parking lots located at 821 East Eighth Street, Ocean City, New Jersey and 748 Boardwalk, Ocean City New Jersey (the "Parking Facility").

11. For a fee, an individual can park a vehicle in the Parking Facility at the prevailing market rates.

12. The Parking Facility has approximately 140 parking spaces.

13. The Parking Facility does not have any handicap-accessible parking spaces.

14. There are no parking spaces which contain any handicap-accessible access aisles for a car.

15. There are no parking spaces which contain any handicap-accessible access aisles for a van.

16. None of the parking spaces have any handicap-accessibility signs designating the parking spaces as being handicap accessible.

17. The Parking Facility is staffed by a parking attendant who collects payment for parking and issues customers a receipt and claim ticket.

*The Plaintiff*

18. The Plaintiff is a disabled individual within the meaning of the ADA.

19. The Plaintiff has difficulty walking.

20. The Plaintiff possesses a handicapped parking placard issued by the Commonwealth of Pennsylvania.

21. The Plaintiff's handicapped parking placard permits him to park his vehicle in spaces designated as being handicap-accessible.

22. The Plaintiff takes his grandchildren to Ocean City and neighboring shore towns in the summer.

23. When in Ocean City, NJ, Plaintiff often is unable to find parking on the streets that are close to the boardwalk.

24. Plaintiff parks in a parking lot when on-street parking is not available.

25. The Plaintiff would patronize the Parking Facility in the future, but is currently deterred because of the lack of usable handicap-accessible parking places.

### THE NEW JERSEY LAW AGAINST DISCRIMINATION

26. The New Jersey Law Against Discrimination ("NJLAD") provides that "[a]ll persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation" without discrimination on the basis of disability. N.J.S.A. 10:5-4.

27. The NJLAD prohibits discrimination on the basis of a disability. N.J.S.A. 10:5-12(a).

28. Under the NJLAD, "'disability' means physical disability, infirmity, malformation or disfigurement which is caused by bodily injury, birth defect or illness including epilepsy and other seizure disorders, and which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, muteness or speech impediment or physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device, or any mental, psychological or developmental disability, including autism spectrum disorders, resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental

functions or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques." N.J.S.A. 10:5-5(q)(a).

29. The New Jersey Administrative Code provides examples of reasonable accommodations, which include, "[p]roviding accessible entrances, walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps, clear floor paths through lobbies, corridors, rooms, and other areas, parking access aisles, and accessible elevators and lifts." N.J.A.C. 13:13–4.12(a)(8).

30. Under the NJLAD, it shall be an unlawful discrimination for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof. N.J.S.A. 10:5-12.

31. The NJLAD is intended to insure that handicapped persons will have 'full and equal access to society, limited only by physical limitations they cannot overcome'" Franek v. Tomahawk Lake Resort, 333 N.J. Super. 206, 217 (App. Div. 2000).

32. In interpreting the LAD in disability discrimination claims, "federal law has consistently been considered for guidance." Borngesser v. Jersey Shore Med. Ctr., 340 N.J. Super. 369, 380 (App. Div. 2001).

33. Under the NJLAD, damages are available for "[t]e personal hardships include: economic loss; time loss; physical and emotional stress; and in some cases severe emotional trauma, illness, homelessness or other irreparable harm resulting from the strain of employment controversies; relocation, search and moving difficulties; anxiety caused by lack of information, uncertainty, and resultant planning difficulty;

career, education, family and social disruption; and adjustment problems, which particularly impact on those protected by this act." N.J.S.A. 10:5-3.

## THE AMERICANS WITH DISABILITIES ACT

34. Congress enacted the Americans with Disabilities Act ("ADA") in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

35. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

36. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

37. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

38. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from

a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

39. A "public accommodation" are private entities whose operations affect commerce. See 42 U.S.C. § 12181(7).

40. In relevant part, Title III requires that the facilities of a public accommodation be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable." 42 U.S.C. § 12183(a)(1).

41. Discrimination under the ADA includes the failure to remove architectural barriers where such removal is easily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

42. "Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.104.

43. Under Title III, places of public accommodation and commercial facilities that are newly constructed for occupancy beginning after January 26, 1992, must be "readily accessible to and usable by" individuals with disabilities. 28 C.F.R. § 36.401(a) (1).

44. "Facility" means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

45. Existing facilities whose construction predates January 26, 1992, must meet the lesser "barrier removal standard," which requires the removal of barriers wherever it is "easily accomplishable and able to be done without undue burden or expense." 28 C.F.R. § 36.304(a).

46. March 15, 2012 was the compliance date for using the 2010 ADA Standards for program accessibility and barrier removal.[1]

47. Discrimination, for purposes of a public accommodation, includes "[a] failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities" except where an entity can demonstrate that it is structurally impracticable to meet the requirements set forth by the ADA. 42 U.S.C. § 12183.

48. Under the ADA, businesses or privately-owned facilities that provide goods or services to the public have a continuing obligation to remove accessibility barriers in existing parking lots when it is readily achievable to do so.

49. The restriping/repainting of the parking space borders in relatively inexpensive, and should be readily achievable and easily accomplishable.

*Accessible Parking under the ADA*

50. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for handicap-accessible parking spaces:[2]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
| --- | --- |
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |

---

[1] https://www.ada.gov/2010ADAstandards_index.htm
[2] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282

| 501 to 1000 | 2% of the total number of parking spaces |
| --- | --- |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

51. The ADA requires that handicap-accessible parking spaces be at least 96 (ninety-six) inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[3]

52. The width of a parking space is measured from the center of each parking line bordering the parking space.[4] (**See Exhibit A**)

53. For cars, the ADA requires that there be an access isle for the handicap-accessible parking space that is at least 60-inches wide. (**See Exhibit A**)

54. For vans, the ADA requires that there be an access aisle for the handicap-accessible parking space that is at least 96-inches wide.[5]

55. The 1991 ADA regulations require that one in every eight accessible spaces must be van accessible.[6]

56. The 2010 ADA regulations state that one in every six accessible spaces must be van accessible.[7]

57. The path a person with a disability takes to enter and move through a facility is called an "accessible route."[8]

---

[3] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[4] Id.
[5] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#van
[6] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[7] Id.
[8] http://www.ada.gov/regs2010/titleII_2010/title_ii_primer.html

*Accessible Routes under the ADA*

58. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.[9]

59. This route, which must be at least three feet wide, must remain accessible and not be blocked.[10]

60. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility.[11]

61. Accessible routes must connect parking spaces to accessible entrances.[12]

62. ADA accessibility standards require that accessible parking spaces in a parking garage be located on the shortest accessible route from adjacent parking to the accessible entrance of the building.[13]

63. ADA Guidance Standards provide that "[a] "path of travel" includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility."[14]

64. "An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors,

---

[9] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#3. MISCELLANEOUS
[10] Id.
[11] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.3
[12] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[13] http://www.ada.gov/adata1.pdf
[14] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#curbramps

rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements."[15]

*Signage and the ADA*

65. The ADA standards require the use of the International Symbol of Accessibility ("ISA") to identify parking spaces which are reserved for use by individuals with disabilities.[16] (**See Exhibit B**)

66. Handicap-accessible parking spaces must be designed as "reserved" by a showing the ISA.

67. Directional signage must be used at inaccessible entrances to provide directions to the nearest accessible route.

68. Parking space identification signs shall be 60-inches minimum above the finish floor or ground surface measured to the bottom of the sign.[17]

## COUNT I –

## FAILURE TO PROVIDE THE PROPER NUMBER OF HANDICAP-ACCESSIBLE PARKING SPACES

69. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

70. The United States Supreme Court recognized the term "major life activities" includes walking. Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

71. The Plaintiff is a disabled individual within the meaning of the ADA and NJLAD.

---

[15] Id.
[16] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1
[17] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

72. The major life activity that the constitutes the Plaintiff's disability is his difficulty walking distances.

73. Defendant failed to provide any parking spaces that were labeled as "handicap accessible" at the Parking Facility.

74. Defendant failed to provide any parking spaces which had a 60-inch wide adjacent access aisle.

75. Defendant failed to provide any handicap accessible parking spaces for vans with an accompanying 96-inch wide adjacent access aisle.

76. The Parking Facility's failure to provide more than handicap-accessible parking spaces has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

77. The Defendant can remedy its non-compliance with the ADA's parking requirements by designating available non-handicap-accessible spaces as handicap-accessible space for a car.

78. The Defendant can remedy its non-compliance with the ADA's parking requirements by designating non-handicap-accessible spaces as handicap-accessible space for a van.

79. Compliance with the handicap parking space requirements at the Parking Facility is readily achievable.

80. The Defendant's failure to comply with the ADA has denied the Plaintiff the full and equal enjoyment of the parking offered by the Parking Facility.

81. The Defendant has discriminated against the Plaintiff by its failure to comply with the ADA.

82. The Defendant's failure to comply with the ADA and NJLAD has created a hardship for the Plaintiff.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendant to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendant as the Court deems just and proper.

## COUNT II -

## FAILURE TO COMPLY WITH THE SIGNAGE REQUIRMENTS FOR ACCESSIBLE PARKING

83. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

84. The Parking Facility does not have any handicap-accessible parking signs.

85. The Parking Facility does not have any van-accessible handicap-accessible parking signs.

86. The Parking Facility does not have any marked accessible routes.

87. The Defendant can remedy its non-compliance by reallocating existing parking spaces and painting border lines which conform to the dimensional requirements of the ADA for handicap-accessible parking spaces and access aisles.

88. The Defendant's failure to comply with the ADA handicap-accessible parking requirements has denied the Plaintiff the full and equal enjoyment of parking offered by the Parking Facility.

89. The Defendant has discriminated against the Plaintiff by its failure to comply with the handicap-accessible parking requirements of the ADA and the NJLAD.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendant to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendant as the Court deems just and proper.

Respectfully submitted,

By: /s *Franklin J. Rooks Jr.*

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jared A. Jacobson, Esq.
NJ Attorney ID: 022002005
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorneys for Plaintiff, George Goodritz*
Dated: July 10, 2017

**CERTIFICATE OF SERVICE**

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF system.


By: /s *Franklin J. Rooks Jr.*

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jared A. Jacobson, Esq.
NJ Attorney ID: 022002005
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorneys for Plaintiff, George Goodritz*
Dated: July 10, 2017

# EXHIBIT A

(Source:https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#spaces)



**EXHIBIT B**

